```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MELVIN BROWN,<br>          Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br>          Respondent. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION No. 10-2058 (JEI)<br><br>**AMENDED OPINION** |

MELVIN BROWN, Petitioner *pro se*
Prisoner No. 41393-050
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, Pennsylvania 17887

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Howard Joshua Weiner, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
     Counsel for Respondent

**IRENAS**, Senior District Judge:

   Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court will deny Petitioner's Motion.

**I.**

   On April 25, 2007, Petitioner was indicted by a federal grand jury on drug charges.  At the time, Petitioner was serving an unrelated state sentence for aggravated assault.  Petitioner first appeared in this Court on May 10, 2007.  Petitioner was arraigned on the federal drug charges on May 18, 2007.  Petitioner's state sentence expired on September 17, 2008, at which point he was moved to federal custody.  Petitioner pled

1

guilty to the federal indictment on May 11, 2009, and was sentenced on August 18, 2009.

At sentencing, this Court denied Petitioner credit against his federal sentence for the time Petitioner spent in state custody following his federal indictment.  This Court explained that it lacked the authority to do so, and advised Petitioner that if he did not get the credit he was seeking from the BOP, he should "make sure he administratively appeals that to the system" and, if such appeal was unsuccessful, file a motion pursuant to 28 U.S.C. § 2241.  Petitioner did not appeal this Court's decision.

After sentencing, the federal Bureau of Prisons ("BOP") granted Petitioner jail credit only from September 18, 2008, the day he entered federal custody, to August 17, 2009, the day before he was sentenced in this Court.

Petitioner did not pursue any administrative appeal with the BOP, and filed the present motion with this Court on April 22, 2010.[1]

## II.

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or

---

[1]Petitioner is currently incarcerated in a federal correctional institution in Pennsylvania.

2

>     laws of the United States, or that the court was
>     without jurisdiction to impose such sentence, or
>     that the sentence was in excess of the maximum
>     authorized by law, or is otherwise subject to
>     collateral attack, may move the court which imposed
>     the sentence to vacate, set aside or correct the
>     sentence.

28 U.S.C. § 2255; *see also* Rules Governing § 2255 Cases, Rule 1(a). Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

A district court is given discretion in determining whether to hold an evidentiary hearing on a § 2255 application. *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991). Accordingly, a district court may summarily dismiss a § 2255 application without a hearing where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'" *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *Forte*, 865 F.2d at 62.

**III.**

Petitioner seeks to vacate his federal sentence on the grounds that his counsel was constitutionally deficient by "failing to argue to the court that it had the authority to give Petitioner credit from May 10, 2007 under guideline section 5G1.3(c)."

The United States opposes Petitioner's § 2255 Motion, arguing: (1) Petitioner's ineffective assistance of counsel allegations do not meet either prong of the *Strickland v. Washington* test, see 466 U.S. 668 (1984), and (2) Petitioner's motion effectively complains about the terms and conditions of his confinement, and as such should have been filed pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, the district in which Petitioner is confined.

The Court will first address the arguments regarding ineffective assistance of counsel before turning to the § 2241 argument.

**A.**

In support of his ineffective assistance claim, Petitioner asserts that his counsel failed to bring to the Court's attention Federal Guideline § 5G1.3(c).

To sustain a claim of ineffective counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that his counsel's

4

representation "fell below an objective standard of reasonableness." *Id.* at 688.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a presumption that counsel's actions "might be considered sound trial strategy."  *Id.* at 689.  Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

The Court finds no evidence that counsel's performance fell below an objective standard of reasonableness.  The only complaint Petitioner had with his counsel is that he failed to bring to the Court's attention Federal Guideline § 5G1.3(c).  It was not unreasonable for counsel to fail to raise § 5G1.3(c) because the Court lacked the authority to alter Petitioner's sentence based on that provision.

> Section 5G1.3(c) provides that:
>
> In any case involving an undischarged term of imprisonment, the sentence for the instance offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Federal Sentencing Guidelines Manual § 5G1.3(c).  At the time of sentencing, Petitioner's state term was already discharged.  Because § 5G1.3(c) only applies in instances where there is an "undischarged" sentence, this Court did not have the discretion to grant credit for Petitioner's already discharged sentence.

The Application Notes of § 5G1.3 do allow for a downward departure in the case of a discharged sentence, but only if § 5G1.3(b) "would have provided an adjustment had [the discharged sentence] been undischarged at the time of sentencing for the instance offense." Section 5G1.3(b), in turn, only allows for an adjustment had the state offense been "Relevant Conduct" to the federal offense. *See* Federal Sentencing Guidelines Manual § 5G1.3(b). In this instance, the state offense was for aggravated assault and was not relevant conduct to the federal drug offense. Therefore the Application Notes of § 5G1.3 do not allow for a downward departure in the instant case, and it was reasonable for Petitioner's counsel to not raise this issue at sentencing. Petitioner has failed to meet the first prong of the *Strickland* test.

Petitioner has also failed to meet the second prong of the *Strickland* test because he has not shown that, but for counsel's alleged failures, the results of sentencing would have been different. As noted *supra*, this Court lacked authority to grant credit under § 5G1.3(c), and the result of the proceeding would not have been different even had Petitioner's counsel presented such argument at sentencing.

Petitioner has not shown that his counsel's representation was constitutionally unreasonable. Accordingly, Petitioner's § 2255

Motion must be denied without an evidentiary hearing.[2]

### B.

To the extent that Petitioner's Motion is seeking determination of jail credit as opposed to asserting a claim for ineffective assistance of counsel, Petitioner is actually challenging the execution of his sentence rather than its validity.  *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001).  Challenges to the execution of a sentence are properly raised pursuant to 28 U.S.C. § 2241, and must be filed in the district where Petitioner is confined.  *Id.; see also Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994).

To the extent that Petitioner's Motion is in fact a § 2241 motion, it will be dismissed without prejudice with leave to refile in the Middle District of Pennsylvania.[3]

### IV.

For the reasons stated above, Petitioner's Motion pursuant to § 2255 will be denied, and to the extent the Motion is challenging the

---

[2] Petitioner makes the further argument that, because § 5G1.3 is only informative as a result of *United States v. Booker*, 543 U.S. 220 (2006), counsel was ineffective for failing to "bring all this information to the Court's attention."  The Court finds this argument unpersuasive, particularly in light of the fact that Petitioner's counsel did in fact ask the Court for credit for the previous time served.

[3] Before making such a filing, though, Petitioner is obligated to exhaust his administrative remedies with the BOP. *See Braden v. 30th Judicial District of Kentucky*, 410 U.S. 484, 489-93 (1973).

execution of the Petitioner's sentence it will be dismissed without prejudice with leave to refile in the United States District Court for the Middle District of Pennsylvania. An appropriate Order accompanies this Opinion.

Dated: December 28, 2010

s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**
